IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  4:25-mj-06252 PLC-1 |
| ) | |
| SAIF FAIQ, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT'S RESPONSE TO MOTION FOR DETENTION</u>**

  COMES NOW Defendant, by and through undersigned counsel, Edward Fehlig, and respectfully submits this Response to the Government's Motion to Detain for purposes of supplementing the record.  After consideration of the statutory factors under 18 U.S.C. § 3142(g), properly weighed and applied, the Court can fashion a set of stringent conditions that will reasonably assure both the Defendant's appearance as required and the safety of the community.  The Government has not met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, nor by a preponderance of the evidence that Defendant presents a serious risk of flight.

  The Bail Reform Act requires the Court to impose the least restrictive conditions that will reasonably assure appearance and safety. 18 U.S.C. § 3142(c)(1)(B).  The record here supports release under strict conditions including home detention, electronic monitoring, third-party custodianship, surrender of travel documents, and any other conditions this Court deems necessary.

**INTRODUCTION**

Mr. Faiq has lived in St. Louis for twelve years, since age ten, and is a naturalized U.S. citizen. For the past fourteen months, despite knowing he was under investigation and being publicly named as a target, he never fled or attempted to conceal his identity. He surrendered voluntarily, maintains strong family and community ties, and presents verified support from both parents. See attached letters. The controlling law and facts establish that appropriate conditions can reasonably assure his appearance and the safety of the community.

**I. LEGAL FRAMEWORK FOR PRETRIAL RELEASE**

The Bail Reform Act, 18 U.S.C. § 3142, makes clear that detention is the carefully limited exception to pretrial release, permitted only when the government establishes its burden by clear and convincing evidence for dangerousness, and by a preponderance for risk of flight. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). Courts must consider and prefer the least restrictive conditions, not simply default to detention based on risk speculation. *Orta*, 760 F.2d at 891–93.

A court "may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). All alternatives to detention must be considered before denying bond. *Id.*; *Orta*, 760 F.2d at 891-892.

**II. RELEVANT BIOGRAPHICAL FACTS**

Mr. Faiq lives with his parents in St. Louis; he has a high school diploma, technical training, and strong family bonds. See ECF Doc. #6, pp. 1-2. His parents have

offered to serve as third-party custodians and secure a substantial bond. Despite Government speculation, Pretrial Services confirms he possesses only a U.S. passport, neither an Iraqi passport nor any foreign travel documentation. *Id* at 1-2.

After being named in the Schwab indictment over a year ago and learning of the investigation, Mr. Faiq remained in St. Louis, continued living openly, and was compliant at arrest.

## III. FLIGHT RISK: GOVERNMENT AND PRETRIAL SERVICES CONCERNS

### A. Factual Evidence Supports Stability, Not Flight

For more than a year after details of the investigation became public, Mr. Faiq made no attempt to depart Missouri or change his identity – a powerful indicator that he does not pose a serious flight risk. This stands in contrast to cases where defendants actually fled while under indictment. *United States v. Payne*, 660 F. Supp. 288, 290–91 (E.D. Mo. 1987). The *Payne* defendant relocated to Arkansas, lived under an assumed name for 14 months. *Id.* at 291.

### B. Addressing Failures to Appear and Probation Violations

Pretrial Services notes several past FTAs – predominantly traffic or municipal citations – and probation violations, including travel to Connecticut without officer approval. See ECF Doc. #6, pp. 4-5. These show poor judgment, mostly as a teenager and young adult, but do not amount to absconding from serious felony or federal prosecutions. Mr. Faiq has never missed a court date in felony federal proceedings. Each risk can be specifically managed by conditions: strict home detention, GPS tracking, and ongoing reporting.

### C. Passport, Financial, and Identification Issues

Mr. Faiq's sole passport is U.S.-issued. See ECF Doc. #6, p. 2. He did have an Iraqi passport but it expired many years ago. His parents have his current U.S. passport and will surrender the passport should he be released. There is no credible evidence that he possesses substantial financial resources to support flight. While he maintains employment selling cars, he lives with his parents and has limited income. The lone fake ID cited was never used to avoid legal process or facilitate travel and represents a common youthful indiscretion rather than evidence of flight planning. Speculation about funds or passports cannot meet the necessary burden of establishing "clear and convincing evidence," by "a preponderance of the evidence." *Orta*, 760 F.2d at 891–92.

### D. Substance Abuse History and Remediation

Mr. Faiq acknowledged daily marijuana use and past cocaine use that was occasional, with a positive marijuana test during state probation. See ECF Doc. #6, pp. 3-4.  These are real concerns, and these concerns can be thoroughly managed by court-mandated conditions (random drug testing and substance abuse treatment), in addition to home detention supervision under § 3142(c)(1)(B).

### IV. DANGEROUSNESS: GOVERNMENT BURDEN NOT MET

Pretrial detention requires proof by clear and convincing evidence that no combination of conditions will *reasonably assure* the safety of any other person and the community. 18 U.S.C. § 3142(f); *Abad*, 350 F.3d at 797.

Although the charge is serious, the record offers no evidence that Mr. Faiq used violence, possessed weapons for criminal purposes, or intimidated witnesses. The violent

conduct described by the government was committed by others; Mr. Faiq's group left prior to those events.  Most critically, the Government's allegations regarding the kidnapping materially overstate Defendant's involvement. The evidence—by the Government's own description—demonstrates:

1. Defendant did not participate in any kidnapping. The kidnapping was carried out by a completely different group of individuals from Miami, with no demonstrated link to Defendant. Defendant was not present for the kidnapping, did not communicate with those actors, and did not plan or facilitate their involvement. Defendant does not know them, nor knew of their existence.
2. The Government does not allege that Defendant used, carried, brandished, or possessed any weapon.
3. The Government's own narrative separates the defendant's group from the kidnapping group.

This is not a case where Defendant is alleged to have been part of the crew that used violence or even attempted violence.

Accordingly, the offense conduct—while serious—does not place Defendant in the category of violent offenders whose personal conduct demonstrates danger. Courts routinely release defendants charged in serious federal conspiracies where individualized evidence shows limited participation.

Mr. Faiq's criminal history features mostly non-violent misdemeanors, with no convictions for violence and no recent findings of interpersonal violence. See ECF Doc. #6, pp. 4-5.

The pattern of arrests, as reported, does not translate into convictions for dangerous offenses. Family support remains significant – his parents, confirmed credible by pretrial services, are willing to supervise and post bond. *Id*.

## V. HOW CONDITIONS ADDRESS RISK AND SAFETY

Release conditions can be tailored to meet the Court's concerns, including:
- Home detention at the family residence with third-party custodianship;
- Continuous electronic GPS monitoring;
- Surrender of all passports and travel documents;
- Regular and random drug testing;
- Mandatory substance abuse treatment, if directed by the Court;
- Travel restricted to the district;
- Frequent reporting to Pretrial Services;
- Prohibition on contact with co-defendants or witnesses;
- No possession of firearms or dangerous weapons;
- Substantial secured financial bond;
- Any additional reasonable conditions the Court believes appropriate.

These conditions directly counter concerns raised by the government and Pretrial Services. As the Eighth Circuit instructs, the law mandates consideration of all such alternatives before ordering detention. *Orta*, 760 F.2d at 890–92; *Abad*, 350 F.3d at 797.

## CONCLUSION:

Mr. Faiq freely acknowledges his past lapses and substance abuse issues. But release under the Bail Reform Act remains the rule, not the exception. *Orta*, 760 F.2d at 891. All legitimate risks identified in the Bail Report and by the Government can be managed with modern conditions and supervision. Pretrial detention should not be imposed on speculation, past mistakes, or a history of low-level offenses, especially when

the Defendant stayed in the community knowing of investigation and is surrounded by credible support.

WHEREFORE the foregoing reasons, Defendant respectfully requests release on the conditions above, and any other that this Court deems necessary.

Respectfully Submitted,

s/ Edward K. Fehlig, Jr.
Edward K. Fehlig, Jr.
3002 S. Jefferson Ave. St # 207
St. Louis, Missouri 63118
MOBAR # 53498
Telephone: (314) 359-5690
Fax: (888) 892-7819

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney's Office

/s/ Edward K. Fehlig, Jr.